By the Court.—Sanford, J.
The general equitable principle which apportions the charges upon real estate ratably, between owners entitled in possession, and as reversioners or remainder-men, is not disputed. It is, however, contended that the principle is inapplicable in the case of a lease whereby rent is reserved. A distinction is attempted to be drawn between a life tenant, having a freehold estate, and a mere lessee for *421 life, on rent, who, it is said, has no part of the ownership, but simply 'a right of possession. It is urged that the reason why a tenant for life should keep down the taxes and interest on incumbrances, is, that in equity, every part of the ownership of real estate should bear a ratable proportion of the incumbrances thereon; but that where parties contract for the use of land, for a longer or shorter period, for a certain or uncertain term, for years or for life, and fix for themselves the terms and conditions upon which the land is demised, this equitable doctrine is inapplicable and should not be invoked.
Such a distinction is not well founded, and cannot be maintained. The obligation of the life tenant does not rest in covenant, express or implied, but in equity, and exists as an incident to the estate. When, therefore, one contracts for a life estate, he must be supposed to contract with reference to the incidents thereto attached. The reservation of rent does not change the nature of the estate, nor create an equity in favor of the tenant for life paramount to that of the reversioner or remainder-man. If there be any presumption from such reservation, it is that the amount of rent is fixed with reference to the obligations incident to the estate, not as superseding them. A tenant for life acquires an estate of freehold, by virtue of the term, irrespective of the manner in which that estate is created, whether by operation of law, by grant, demise, gift or purchase; and a charge upon the estate, whether by way of rent, annuity or otherwise, does not affect the nature of the estate. In the present case, there is nothing in the language of the demise from which it can be inferred that any other or different rule should apply than that ordinarily incident to estates for life, however created. If it be conceded that the defendant would have been subjected to an equitable liability in favor of the plaintiffs or their grantees of the rever *422 sion, to keep down the taxes during his term, but for the words “at the annual rent of one dollar,” inserted in the habendum clause, it is difficult to perceive upon what ground the mere reservation of that nominal sum, by way of annual rental, without covenant or condition, can be deemed to cancel or discharge that liability, or merge it, as it were, in a paramount obligation. The inference that such rent was intended to represent the fair annual value of the land, and to constitute an adequate compensation for its use, free of all other charges or incumbrances, so as to shift the burden of such charges from the lessee for life to the remainder-man or reversioner, is warranted neither by the language of the instrument nor by the circumstances of the case.
If these views are correct, the order appointing a receiver was authorized, and should be affirmed (Carnes v. Chaubert, 3 Edw. Ch. 312).
Order appealed from affirmed with costs.
Curtis, Ch. J., and Freedman, J., concurred.